"Eighth. Because the verdict is not sustained by the evidence."

No motion for new trial was filed at any time, but, when the court overruled this motion in arrest of judgment, appellant gave notice of appeal and entered into a recognizance, and by these acts the county court was deprived of all jurisdiction in the premises. Subsequent to the adjournment of court for the term, appellant filed assignments of error in which many matters are complained of, not mentioned in the motion in arrest.

[1] The question arises, Can the matters presented in the assignments of error filed about a month after the adjournment of court be reviewed by us? All of our decisions hold that matters thus presented cannot be reviewed on appeal. Veas v. State, 55 Tex. Cr. R. 125, 114 S. W. 830; Harvey v. State, 57 Tex. Cr. R. 7, 121 S. W. 605; Day v. State, 138 S. W. 130; Williams v. State, 7 Tex. App. 163; Keye v. State, 53 Tex. Cr. R. 322, 111 S. W. 400; Daniels v. State, 58 Tex. Cr. R. 569, 126 S. W. 1153.

[2] As seen by the first ground in the above motion, and relied on by appellant, it is alleged that the complaint charged the offense disjunctively and not conjunctively, and many authorities are cited. If this construction should be given the complaint, it may be said that our decisions heretofore seem to hold that this would vitiate the complaint. The allegation in the motion is that wherein the complaint charges that appellant "did then and there, in the manner hereinafter stated, unlawfully treat a disease or disorder, to wit, did treat one Miss Lavina Spangler, a human being, for tuberculosis and also for constipation, and did diagnose her case and prescribe therefor and did charge therefor," etc.; that the use of the word "or" between the words "disease" and "disorder" renders the complaint defective because in the disjunctive. We are referred to the case of Taylor v. State, 50 Tex. Cr. R. 183, 95 S. W. 119, as being in point on this question, and therein it is said that the use of the word "or" left the indictment in a confused state. We do not think the same can be said of this complaint. When it said a disease or disorder, to wit, tuberculosis,

there could be no uncertainty. The appellant was informed specifically with what he was charged. An indictment, like any other pleading, must be read as a whole, and this indictment, when so read, is not in the disjunctive nor uncertain, but it clearly and in unambiguous language informs appellant of the offense with which he is charged, and the disease which he treated. Placing the words "to wit, tuberculosis and constipation," limited the meaning of the words "disease" and "disorder" in this particular case to those diseases, and he could have been convicted for treating her of no other disease or disorder than the two named. Therefore the complaint is certain and specific in its allegations and is not in the disjunctive when read and construed as a whole. Neither was it necessary for the complaint to allege whether the disease was a mental or physical disease; all persons are aware that tuberculosis and constipation are physical diseases. The complaint is herein copied, and it, on its face, demonstrates that the other grounds in the motion in arrest of judgment on account of alleged defects in the complaint are not well taken.

The only other ground in the motion contends that the evidence in insufficient to sustain the verdict. We have read the record carefully and are fully convinced that the evidence supports the contention that appellant was treating, and offering to treat, disease for pay, and did, in this instance, treat, and offer to treat, Miss Lavina Spangler for tuberculosis and prescribe for her for constipation.

The other complaints in the assignments of error we will not discuss as they were not presented to the trial court. It is only fair to trial courts that all grounds upon which it is claimed he erred should be presented to him in the motion for new trial, and he be given an opportunity to correct his own error, if any he has committed.

Affirmed.

## WILSON v. STATE.

(Court of Criminal Appeals of Texas. May 14, 1913.)

CRIMINAL LAW (§ 1090*)—APPEAL—REVIEW—RECORD.

Rulings of the trial court cannot be passed on, in the absence of bills of exceptions and a statement of facts, without which they cannot be intelligently reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Mose Wilson appeals from a conviction. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of murder in the second degree; his punishment being assessed at five years' confinement in the penitentiary.

This record is before us without a statement of facts or bill of exceptions. There are quite a number of criticisms to the rulings of the court, but in the absence of bills of exception and statement of facts they cannot be reviewed intelligently.

As the record presents the case, the judgment must be affirmed; and it is so ordered.